AZEL W. BARBER & wife *vs.* CITY OF ROXBURY.[*]

A rope stretched across a highway, above the ground, and attached at each end to objects which are outside of the limits of the highway, and in temporary use, is not a defect or want of repair in the highway for which a city is liable to a traveller who receives an injury from coming into collision with it, while it is in motion from human agency.

TORT to recover damages for a personal injury received by the female plaintiff in consequence of a defective highway.

At the trial in this court, before *Chapman*, J., it appeared that in March 1864 Benjamin Merriam, the city marshal of Roxbury, had occasion to search a cave for stolen goods, which cave was situated about six feet above the sidewalk and a few feet easterly of the east line of Shawmut Avenue, a highway in Roxbury. In doing this it was necessary to remove some very heavy stones, which could not be lifted without the aid of a derrick. On the opposite side of the avenue, and about forty feet therefrom, there was a derrick, belonging to the city, with a guy which crossed the avenue. Merriam employed seven or eight hands and worked from about eight o'clock in the evening till about half past ten, when the plaintiffs came from Boston, driving in a carryall with one horse. The party were then at work engaged in removing a stone, by means of a rope attached to the derrick, at one end, and at the other end to a chain which was fastened to the stone. At first the rope lay loosely upon the ground ; and, as the crank of the derrick was turned, it was tightened and lifted up from the ground. The plaintiff's carryall, when it came to the rope, was struck by it, and the top torn off ; and the rope also came in contact with the forehead of the female plaintiff, and injured her severely.

It was not contended by the plaintiffs that the road-bed was out of repair ; and the defendants insisted that the facts did not show a defect in the highway. But the judge instructed the jury that the road might be defective, within the meaning of the statute concerning ways, even if the road-bed was in perfec

---

[*] This case was argued in March 1865.

repair, and that a rope stretched across the travelled path, as this was, constituted a defect, so .ong as it was in such a position as to come into collision with a carriage or a passenger, and make it unsafe or inconvenient for the traveller to pass, even though each of its ends was fastened at a point outside the limits of the highway, and though the rope was not left permanently in one position, but was moved by the turning of the crank; and, as the facts above stated were admitted to be proved, they should regard the way as being defective at the time of the collision.

The defendants offered evidence tending to show that they gave the plaintiffs notice of the obstruction in season to enable Mr. Barber to stop his horse; and contended that if they took reasonable pains to inform him of it the city was not liable, though he did not hear the notice or see the obstruction. But the judge instructed the jury that, as the parties had no right to obstruct the travelled path, no notice to the plaintiffs would be a defence, unless it was such that they could not disregard it without being guilty of negligence; that the burden was on the plaintiffs to prove that Mr. Barber used reasonable care, adapted to the circumstances in which he was placed; and that if he in driving his horse carelessly disregarded any warning that was given him, or was careless in any other respect, the plaintiffs could not recover.

The jury returned a verdict for the plaintiffs, with $4775 dam-- ages; and the defendants alleged exceptions.

*J. W. May*, for the defendants.

*R. M. Morse, Jr.*, for the plaintiffs.

GRAY, J. The question upon the answer to which this case depends is, whether the facts stated in the bill of exceptions show an injury from a defect or want of repair in the highway. The statute provides that highways shall be kept in repair at the expense of the town or city in which they are situated, so as to be safe and convenient for travellers; and that any person who rece ves or suffers bodily injury through a defect or want of repair in the highway may recover the amount of damage thereby sustained, in an action of tort against the city or town by law

obliged to repair the same. Gen. Sts. *c.* 44, §§ 1, 22. These two sections, taken together, give the rule and measure of the liability of cities and towns. They are not liable for every defect or want of repair, nor for every object which makes the highway unsafe or inconvenient for travellers; but it must be both a defect or want of repair, and one which makes the highway unsafe or inconvenient; and the injury must be attributable to the defect or want of repair.

Anything in the state or condition of the highway, which renders it unsafe or inconvenient for ordinary travel, is a defect or want of repair. It may be a hole or trench, occasioned by imperfect laying out and working of the road-bed or by travel, by the act of public officers or private individuals or corporations, or by a storm or freshet or other natural cause. It may consist of a stone or log or other obstacle left on the surface, or of a post standing within the general course and direction of travel over the highway, or of a barrier fixed or stretched across the way, though not touching the soil of the highway. It may perhaps include trees or timber moved by wind or flood. The defect need not have been in exactly the same condition during the time necessary to affect the town or city with notice, if it has continued dangerous during that time. *Snow* v. *Adams,* 1 Cush. 447, and cases cited. *Merrill* v. *Wilbraham,* 11 Gray, 154. *Coggswell* v. *Lexington,* 4 Cush. 307. *French* v. *Brunswick,* 21 Maine, 29. *Winn* v. *Lowell,* 1 Allen, 177. And a city or town has been held liable for an injury occasioned by the fall of an awning, projecting over the highway, which had been so defective for twenty-four hours previously as to be dangerous to travellers, or likely to be thrown down by such winds, rains or storms as might ordinarily occur. *Drake* v. *Lowell,* 13 Met. 292 *Pedrick* v. *Bailey,* 12 Gray, 163. *Day* v. *Milford,* 5 Allen, 98. But such awnings were fixed and permanent structures within the bounds of the highway; and this court has more than once expressed the opinion that in such a case the limit of this liability was reached. *Hixon* v. *Lowell,* 13 Gray, 64. *Keith* v *Easton,* 2 Allen, 553, 554.

But we are not aware of any precedent for holding an illega,

Barber & wife *v.* City of Roxbury.

use of the highway by men, animals, vehicles, engines or any other object, while movable and actually being moved by human will and direction, and neither fixed to, nor resting on, nor remaining in one position within the travelled part of the highway, to be a defect or want of repair for which the city or town is liable. And it is well settled that if the condition of things outside of the highway or the negligent or unlawful act of another person causes or contributes to the injury, the municipal corporation is not liable. Thus a city or town has been held not to be liable for an injury suffered from slipping on steps without the limits of the highway upon the sidewalk and there falling, when both steps and sidewalk were in an unsafe condition; *Rowell* v. *Lowell,* 7 Gray, 100 ; or resulting to a traveller from the upsetting of his sleigh by the combined effect of the town's neglect to remove snow and of another traveller's carelessly driving his vehicle against the plaintiff's; *Kidder* v. *Dunstable,* 7 Gray, 104 ; or from his vehicle being struck by a locomotive engine run on a railroad track illegally laid across the highway; *Vinal* v. *Dorchester,* 7 Gray, 421 ; or by being knocked down by a boy sliding on a sled upon a sidewalk which by such sliding had been made so slippery as to be dangerous. *Shepherd* v. *Chelsea,* 4 Allen, 113.

In the case before us, the derrick at one end of the rope and the stone at the other were not within the limits of the highway; the rope lay loosely on the ground, and does not appear to have obstructed the public travel, until the men engaged in removing the stone raised the rope gradually by turning the crank to which it was attached, so as to lift the rope from the ground across the travelled space and thence up out of the way of carriages or travellers; and the rope was in the act of being so raised when it struck the plaintiff's carriage and injured the female plaintiff. In the opinion of a majority of the court the injury thus occasioned cannot be said to have been caused by a defect or want of repair in the highway, and therefore the city is not liable under the statute.          *Exceptions sustained.*

The plaintiffs thereupon became nonsuit.